UNITED STATES of America, Plaintiff–Appellee,

v.

Michael Edward HERNANDEZ, Defendant–Appellant.

No. 05–10555.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2008.*

Filed June 13, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Steven Paul Logan, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Alfred S. Donau, III, Donau & Bolt, Tucson, AZ, for Defendant–Appellant.

** The Honorable Robert J. Timlin, United States District Judge for the Central District of California, sitting by designation.

Before: TASHIMA and GRABER, Circuit Judges, and TIMLIN,** District Judge.

### MEMORANDUM ***

A jury convicted Defendant Michael Edward Hernandez of conspiring to possess with the intent to distribute more than 100 kilograms of marijuana, and the district court sentenced Defendant to 60 months' imprisonment plus a four-year term of supervised release. Defendant timely appealed, and we affirm.

■ 1. Defendant first argues that the district court erred in excluding testimony that would have established that he was not "Queson," an individual involved in the conspiracy. However, the identity of "Queson" was relevant only to a money laundering charge of which the jury acquitted Defendant. Consequently, any error was harmless. *See United States v. Gonzalez–Flores*, 418 F.3d 1093, 1099 (9th Cir.2005) (reviewing evidentiary error for whether "it is more probable than not that the error did not materially affect the verdict" (internal quotation marks omitted)).

■ 2. Second, Defendant argues that District Court Judge Roslyn Silver erred when she recused herself before sentencing. We review for abuse of discretion, *United States v. Silver*, 245 F.3d 1075, 1078 (9th Cir.2001), and find none. Defendant contends that the government sought Judge Silver's recusal as a form of forum shopping, but a co-defendant, not the government, requested that Judge Silver recuse herself.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit. Rule 36–3.

3. Defendant also challenges the district court's denial of his motion for a judgment of acquittal. We review de novo, drawing all reasonable inferences in favor of the government to determine if any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *United States v. Odom*, 329 F.3d 1032, 1034 (9th Cir.2003). The evidence sufficiently supported the drug conspiracy count of which the jury convicted Defendant. Hockerman's testimony and Defendant's admissions established all the elements of the charged conspiracy.

4. Defendant next challenges the district court's denial of safety valve sentencing under 18 U.S.C. § 3553(f). We review for clear error, *United States v. Mejia–Pimental*, 477 F.3d 1100, 1103 (9th Cir.2007), and find none. The district court permissibly found that, in light of the jury's findings, Defendant was not truthful when he denied involvement in the drug conspiracy.

5. Finally, Defendant argues that the district court erred in calculating his Sentencing Guidelines range because, although the jury found that Defendant conspired to possess more than 100 kilograms of marijuana, the evidence supported a finding of only 123 pounds. We disagree. Hockerman's testimony and Defendant's admissions supported the jury's finding beyond a reasonable doubt. *See Odom*, 329 F.3d at 1034. The district court thus correctly calculated the advisory guideline range.

AFFIRMED.

